**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of Texas

Case number (*If known*): ____________________ Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

**04/20**

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

**1. Debtor's name**

Strike Global Holdings, LLC

**2. All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

**3. Debtor's federal Employer Identification Number** (EIN)

81-3844661

**4. Debtor's address**

**Principal place of business**

1800 Hughes Landing Blvd.
Number Street

Suite 500

The Woodlands TX 77380
City State ZIP Code

Montgomery
County

**Mailing address, if different from principal place of business**

Number Street

P.O. Box

City State ZIP Code

**Location of principal assets, if different from principal place of business**

Number Street

City State ZIP Code

**5. Debtor's website** (URL)

https://www.strikeusa.com/

Debtor Strike Global Holdings, LLC
Name

Case number (if known)

**6. Type of debtor**

- ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
- ☐ Partnership (excluding LLP)
- ☐ Other. Specify:

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☒ None of the above

B. *Check all that apply:*

- ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

2131

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11. *Check **all** that apply*:
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

Debtor Strike Global Holdings, LLC
Name
Case number (*if known*)

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

- [x] No
- [ ] Yes. District ______ When ______ (MM / DD / YYYY) Case number ______

  District ______ When ______ (MM / DD / YYYY) Case number ______

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

- [ ] No
- [x] Yes. Debtor See Schedule A Relationship ______

  District ______ When ______ (MM / DD / YYYY)

  Case number, if known ______

**11. Why is the case filed in *this district*?**

*Check all that apply:*

- [x] Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.
- [x] A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

- [x] No
- [ ] Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

  **Why does the property need immediate attention?** (*Check all that apply.*)

  - [ ] It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? ______
  - [ ] It needs to be physically secured or protected from the weather.
  - [ ] It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).
  - [ ] Other ______

  **Where is the property?** ______
  Number Street

  ______
  City State ZIP Code

  **Is the property insured?**

  - [ ] No
  - [ ] Yes. Insurance agency ______

    Contact name ______

    Phone ______

## Statistical and administrative information

Debtor Strike Global Holdings, LLC Case number (if known)
Name

**13. Debtor's estimation of available funds**

*Check one:*

- ■ Funds will be available for distribution to unsecured creditors.
- ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors***

| | | |
|---|---|---|
| ☐ 1-49 | ■ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets***

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ■ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities***

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ■ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING** – Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 12/06/2021
MM / DD / YYYY

✘ /s/ [signature] Sean Gore
Signature of authorized representative of debtor Printed name

Title Chief Financial Officer

* Represents consolidated financial information for Strike Global Holdings, LLC and its affiliated debtors as set forth in Schedule A. This does not constitute a statement or admission as to the creditors, assets or liabilities of any of the debtor entities individually.

Debtor Strike Global Holdings, LLC
Name

Case number (*if known*)

**18. Signature of attorney**

✘ */s/ Matthew D. Cavenaugh*
Signature of attorney for debtor

Date 12/06/2021
MM / DD / YYYY

Matthew D. Cavenaugh
Printed name

Jackson Walker LLP
Firm name

1401 McKinney Street, Suite 1900
Number Street

Houston TX 77010
City State ZIP Code

(713) 752-4200
Contact phone

mcavenaugh@jw.com
Email address

24062656 Texas
Bar number State

# Schedule A

## SCHEDULE OF DEBTORS

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed in this Court a petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, as amended. Substantially contemporaneously with the filing of these petitions, these entities filed a motion requesting that their respective chapter 11 cases be jointly administered for procedural purposes only.

| | DEBTOR | EMPLOYER/CORPORATE IDENTIFICATION NUMBER | JURISDICTION |
|---|---|---|---|
| 1. | Strike, LLC | 37-1462120 | United States |
| 2. | Strike HoldCo, LLC | 86-2030607 | United States |
| 3. | Delta Directional Drilling, LLC | 47-1089896 | United States |
| 4. | Strike Global Holdings, LLC | 81-3844661 | United States |
| 5. | Capstone Infrastructure Services, LLC | 82-4230161 | United States |
| 6. | Crossfire, LLC | 04-3677582 | United States |

**STRIKE GLOBAL HOLDINGS, LLC**

---

**WRITTEN CONSENT**
**OF**
**THE SOLE MEMBER**

Dated December 6, 2021

---

The UNDERSIGNED, being the sole member (the "**Sole Member**") of Strike Global Holdings, LLC, a Texas limited liability company (the "**Company**"), acting in accordance with the Texas Business Organization Code, hereby consents in writing to approve the adoption of the following resolutions, effective as of the date first set forth above:

WHEREAS, the Board of Managers of Strike Investment LLC, including the restructuring committee of such Board (the "**Restructuring Committee**") comprised of independent managers, has considered presentations by the management of, and the outside advisors to, the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's business, creditors, and other parties in interest;

WHEREAS, the Sole Member, through the Restructuring Committee, has also had the opportunity to consult with the Company's management and outside advisors, and to fully consider the restructuring negotiations with the Company's creditors and other parties in interest;

WHEREAS, based on its review of all available alternatives and advice provided by such outside advisors, the Sole Member, through the approval of the Restructuring Committee, has determined that it is in the best interest of the Company, its affiliates, their respective creditors and other parties in interest, for the Company and its affiliates to take the actions specified in the resolutions set forth below;

*Chapter 11 Case*

WHEREAS, the Sole Member has been presented with a proposed petition to be filed by the Company in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**") seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

WHEREAS, the Sole Member, through the approval of the Restructuring Committee, having considered the financial and operational aspects of the Company's business and the best course of action to maximize value, deems it advisable and in the best interest of the Company, its creditors, and other parties in interest that a petition be filed by the Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code and implement a restructuring of the Company;

*Debtor-in-Possession Financing*

WHEREAS, the Sole Member intends to execute that certain Senior Secured Super-Priority Debtor-in-Possession Loan and Security Agreement, dated as of the date hereof (as may be further amended, restated, amended and restated, supplemented, or otherwise modified from time to time, the "**DIP Credit Agreement**"), by and among Strike HoldCo LLC and the Sole Member, as borrowers, each person party thereto from time to time as a lender, the issuing banks party thereto from time to time, and Lightship Capital II LLC, as administrative agent for the lenders;

WHEREAS, pursuant to the proposed DIP Credit Agreement, the Sole Member may enter into certain other loan documents referred to in the DIP Credit Agreement (the "**DIP Loan Documents**");

WHEREAS, the Sole Member, through the Restructuring Committee, has reviewed substantially final versions of the DIP Credit Agreement and the DIP Loan Documents and after careful review and consideration, the Sole Member, through the approval of the Restructuring Committee, has determined that it is in the best interest of the Company to enter into the DIP Credit Agreement and the Company believes that it is advisable and in pursuit of its purposes as an integral part of the business conducted and proposed to be conducted by the Company to enter into such documents, consummate such transactions and perform its obligations under the DIP Loan Documents, in each case, as more fully set forth therein;

WHEREAS, it is a condition precedent to the effectiveness of and the extensions of credit under the DIP Credit Agreement that the Company execute and deliver, among other things, the DIP Loan Documents and the other agreements, documents, notes, instruments and certificates contemplated thereby (collectively, together with the DIP Loan Documents, the "**Transaction Documents**", the entry into the Transaction Documents is referred to herein as the "**Transaction**");

WHEREAS, the Sole Member, through the approval of the Restructuring Committee, has determined that the Company will receive direct and indirect benefits from the transactions contemplated by the DIP Credit Agreement and the other Transaction Documents;

WHEREAS, the Sole Member, through the approval of the Restructuring Committee, has deemed it advisable and in the best interests of the Company that the Company enter into, execute, deliver and perform its obligations under each of the Transaction Documents to which it is a party, enter into the transactions contemplated thereby and guarantee the obligations under the Transaction Documents;

*Key Employee Retention Plan*

WHEREAS, in order to retain certain of the key client facing field employees of certain of the Company's affiliates (collectively, the "**Company Entities**") during the chapter 11 cases of the Company Entities, the Company Entities have developed a Key Employee Retention Plan (the "**KERP**") with the assistance of Korn Ferry, Opportune LLP, and White & Case LLP, the advisors in the Company Entities' compensation, evaluation and restructuring efforts, respectively;

WHEREAS, after due and careful consideration of the terms and conditions set forth therein, the Sole Member, through the approval of the Restructuring Committee, believes it is advisable and in the best interests of the Company Entities to approve the KERP, which provides for estimated aggregate awards with a target value of approximately $815,000, to be paid in two phases, subject to the approval of the KERP by the Bankruptcy Court and to any adjustments approved by the Restructuring Committee in response to comments from the Bankruptcy Court or the Company Entities' creditors or other parties in interest. The KERP will be important to the Company Entities' business and restructuring efforts;

WHEREAS, the awards for each component of the KERP shall be made pursuant to the terms set forth in the award letters for each phase with respect to each participant, after approval of the Bankruptcy Court as determined by the Restructuring Committee.

NOW, THEREFORE, BE IT

RESOLVED, that in the judgment of the Sole Member, through the approval of the Restructuring Committee, it is desirable and in the best interests of the Company, its subsidiaries, their respective equityholders, creditors, and other interested parties, that a voluntary petition be filed by the Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code, and the filing of such petition is authorized and directed hereby; and it is further

RESOLVED, that the Company's officers and the members of the Restructuring Committee (each, an "**Authorized Person**") be, and each hereby is, authorized and directed, on behalf of and in the name of the Company, to execute and verify a petition in the name of the Company under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court in such form and at such time as the Authorized Person(s) executing said petition on behalf of the Company shall determine; and it is further

*Retention of Professionals*

RESOLVED, that the Company is authorized, and each Authorized Person be, and each hereby is, authorized and directed, on behalf of and in the name of the Company, to retain and employ professionals to render services to the Company in connection with the chapter 11 cases and the transactions contemplated by the foregoing resolutions, including, without limitation: the law firms White & Case LLP and Jackson Walker LLP to act as restructuring counsel; Opportune Partners LLC to act as its investment banker; Opportune Partners LLP to act as its financial advisor; and Epiq Corporate Restructuring, LLC as its claims and noticing agent; and in connection herewith, each Authorized Person is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of the foregoing; and it is further

RESOLVED, that each Authorized Person be, and each hereby is, authorized and empowered and directed, on behalf of and in the name of the Company, to incur and pay or cause to be paid all such fees and expenses as in their judgment shall be necessary, appropriate, or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

*Debtor-in-Possession Financing*

RESOLVED, that the form, terms, and provisions of the Transaction Documents (including all exhibits and schedules thereto) be, and hereby are, in all respects approved, adopted, authorized, ratified and confirmed; and it is further

RESOLVED, that any capitalized terms used but not defined herein shall have the meanings ascribed to such term in the DIP Credit Agreement; and it is further

RESOLVED, that each Authorized Person be, and each of them hereby is authorized and empowered and directed to (i) execute the Transaction Documents on behalf of the Company with all changes thereto and supplements, modifications and amendments thereof approved by, and any other documents or certificates required to be delivered by it or any Authorized Signatory pursuant thereto, and (ii) cause the Company to perform its obligations under the Transaction Documents and take any and all other actions that may be necessary or desirable in order to satisfy or perform any and all of the Company's obligations thereunder, to consummate the transactions contemplated therein, and otherwise carry out the intent or purposes of these resolutions; and it is further

*Key Employee Retention Program*

RESOLVED, that the Sole Member, through the approval of the Restructuring Committee, authorizes the Company Entities to enter into the KERP; subject to the approval of the KERP by the Bankruptcy Court and to any adjustments approved by the Restructuring Committee in response to comments from the Bankruptcy Court or the Company Entities' creditors or other parties in interest; and it is further

RESOLVED, that the awards for each component of the KERP shall be made pursuant to the terms set forth in the award letters for each phase with respect to each participant, after approval of the Bankruptcy Court as determined by the Restructuring Committee; and it is further

*General Authority to Implement Resolutions*

RESOLVED, that each Authorized Person be, and each hereby is, authorized and empowered, on behalf of and in the name of the Company, to execute, deliver, perform, verify, and/or file, or cause to be executed, delivered, performed, verified, and/or filed (or direct others to do so on their behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, statements, schedules, motions, lists, applications, pleadings, contracts, agreements, other papers, additional security documents, guarantees, reaffirmations, control agreements, waivers of or amendments to existing documents, and to negotiate, or cause or authorize to be negotiated, the forms, terms, and provisions of, and to execute and deliver, or cause or authorize to be executed and delivered, any amendments, modifications, waivers, or consent to any of the foregoing as may be approved by any Authorized Person, which amendments, modifications, waivers, or consents may provide for consent payments, fees, or other amounts payable or other modifications of or relief under such agreements or documents, the purpose of such amendments, modifications, waivers, or consents being to facilitate consummation of the transactions contemplated by the foregoing resolutions, and, in connection with the foregoing, to employ and retain all assistance by legal counsel, investment bankers, accountants, restructuring

professionals, or other professionals, and to take any and all other action in furtherance of the foregoing resolutions which such Authorized Person deems necessary or proper in connection with the chapter 11 cases, including any and all action necessary or proper in connection with obtaining authorization to use cash collateral and debtor-in-possession financing, with a view to the successful prosecution of the chapter 11 cases contemplated by the foregoing resolutions and the successful consummation of the transactions contemplated by the foregoing resolutions including, without limitation, any action necessary or proper to maintain the ordinary-course operation of the Company's business; and it is further

RESOLVED, that each Authorized Person be, and each hereby is, authorized to execute, deliver, and perform any and all special powers of attorney as such Authorized Person may deem necessary or desirable to facilitate consummation of the transactions contemplated by the foregoing resolutions, pursuant to which such Authorized Person will make certain appointments of attorneys to facilitate consummation of the transactions contemplated by the foregoing resolutions as the Company's true and lawful attorneys and authorize each such attorney to execute and deliver any and all documents of whatsoever nature and description that may be necessary or desirable to facilitate consummation of the transactions contemplated by the foregoing resolutions; and it is further

RESOLVED, that each Authorized Person be, and each hereby is, authorized and empowered to do and perform, or cause or authorize to be done and performed, in accordance with these resolutions any and all such other acts, deeds and things and to make, execute and deliver, or cause to be made, executed and delivered, in the name and on behalf of the Company, as may be necessary or proper, any and all such agreements, undertakings, documents, consents, filings or instruments, with such terms and provisions as any such Authorized Person may approve, as such Authorized Person may deem necessary or proper to carry out the purpose and intent of the foregoing resolutions, the execution, delivery or performance thereof, or the taking of any such action to be conclusive evidence of such approval and authority; and it is further

RESOLVED, that each Authorized Person be, and each hereby is, authorized and empowered to act without the joinder of any other Authorized Person in connection with the foregoing resolutions; and it is further

RESOLVED, that all acts lawfully done or actions lawfully taken by any Authorized Person to seek relief on behalf of the Company under chapter 11 of the Bankruptcy Code, or in connection with the chapter 11 cases, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company, having the same force as if performed pursuant to the direct authorization of the Sole Member; and it is further

RESOLVED, that all acts lawfully done or actions lawfully taken by any Authorized Person, or by any employees or agents of the Company, on or before the date hereof in connection with the subject matter of the foregoing resolutions be, and they hereby are, ratified, confirmed, and approved in all respects as the acts and deeds of the Company, having the same force as if performed pursuant to the direct authorization of the Sole Member; and it is further

RESOLVED, that the omission from these resolutions of any agreement, document, or other arrangement contemplated by any of the agreements, instruments, filings, or other documents described in the foregoing resolutions or any action to be taken in accordance with any

requirement of any of the agreements, instruments, filings, or other documents described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Person to take all actions necessary, desirable, proper, advisable, or appropriate to consummate, effectuate, carry out, or further the transaction contemplated by, and the intent and purposes of, the foregoing resolutions; and it is further

RESOLVED, that the authority conferred upon any Authorized Person of the Company by this Written Consent is in addition to, and shall in no way limit, such other authority as such Authorized Person may have with respect to the subject matter of the foregoing resolutions, and that the omission from this Written Consent of any agreement or other arrangement contemplated by any of the agreements, contracts, instruments, or documents described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, instruments, or documents described in the foregoing resolutions shall in no manner derogate from the authority of any such Authorized Person to take any and all actions convenient, necessary, advisable, or appropriate to consummate, effectuate, carry out, perform, or further the transactions contemplated by and the intents and purposes of the foregoing resolutions; and it is further

RESOLVED, that each of the Authorized Persons be, and each hereby is, authorized and empowered to take all actions, or cause to be taken all actions, in the name of the Company with respect to the transactions contemplated by these resolutions as the shareholder, partner, member, manager (or similar role) of each subsidiary of the Company, in each case, as such Authorized Person shall deem necessary, proper, appropriate, desirable, or advisable to effectuate the purposes of the foregoing resolutions, including authorizing and causing such subsidiaries to provide guaranties and grant liens in respect of any potential financing transactions that, in the judgement of such Authorized Person, become necessary to successfully prosecute the chapter 11 cases; and it is further

RESOLVED, that any person dealing with the Authorized Persons authorized by the foregoing resolutions in connection with any of the foregoing matters shall be conclusively entitled to rely upon the authority of the Authorized Person including by their execution in the name or on behalf of the Company, of any document, agreement or instrument, the same being a valid and binding obligation of the Company enforceable in accordance with its terms.

***

[*Signature Page Follows*]

IN WITNESS WHEREOF, the undersigned, has duly executed and caused this Written Consent to be delivered as of the date first written above.

**STRIKE, LLC**

By: **STRIKE HOLDCO,** its sole member

By: **STRIKE INVESTMENT, LLC,** its sole member

..........................................

Name: Sean Gore

Title: Authorized Signatory

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| In re<br><br>STRIKE GLOBAL HOLDINGS, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 21-[____] ( )<br><br>(Joint Administration Requested) |

**COMBINED CORPORATE OWNERSHIP STATEMENT AND**
**LIST OF EQUITY SECURITY HOLDERS OF**
**STRIKE GLOBAL HOLDINGS, LLC**

Pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure, the above captioned debtor and debtor in possession (the "**Debtor**"), a Texas Limited Liability Company, hereby respectfully represents that the following is the list of holders of the Debtor's sole class of equity or membership interests:

| Name | Address | Shares (Percent) |
|---|---|---|
| Strike, LLC | 1800 Hughes Landing Blvd.<br>Suite 500<br>The Woodlands, TX 77380 | 100% |

Fill in this information to identify the case and this filing:

Debtor Name Strike Global Holdings, LLC

United States Bankruptcy Court for the: Southern District of Texas (State)

Case number (If known): 21-

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration Combined Corporate Ownership Statement and List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 12/06/2021
MM / DD / YYYY

✗ /s/ Sean M. Gore
Signature of individual signing on behalf of debtor

Sean Gore
Printed name

Chief Financial Officer
Position or relationship to debtor

Fill in this information to Identify the case:

Debtor Name: Strike Global Holdings, LLC

United States Bankruptcy Court for the: Southern District of Texas

Case Number (If known):

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

**A consolidated list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | MEARS GROUP INC.<br>1622 EASTPORT PLAZA DRIVE<br>COLLINSVILLE, IL 62234 | CONTACT: STEVE GUDE<br>PHONE: 618-343-6400<br>AR.MEARS@MEARS.NET | LITIGATION | CUD | | | $4,100,000.00 |
| 2 | EAGLE CAPITAL CORPORATION<br>PO BOX 4215<br>TUPELO, MS 38803 | PHONE: 662-214-9818<br>ACCOUNTING@EAGLECAPITALCORP.COM | LITIGATION | CUD | | | $3,466,068.00 |
| 3 | UNITED RENTALS INC<br>PO BOX 840514<br>DALLAS, TX 75284-0514 | CONTACT: BRANDON LANDRENEAU<br>PHONE: 325-895-8729<br>ACH@UR.COM;<br>CTENDLER@UR.COM | EQUIPMENT RENTAL | CUD | | | $1,707,971.42 |
| 4 | ARDENT SERVICES LLC<br>PO BOX 974759<br>DALLAS, TX 75397-4759 | CONTACT: JENNIFER BURCHFIELD<br>PHONE: 985-792-3000<br>ARNOTES@ARDENT.US | TRADE | CUD | | | $1,590,164.65 |
| 5 | MICHELS CORPORATION<br>PO BOX 95<br>BROWNSVILLE, WI 53006 | CONTACT: AUBRIE CONRAD<br>PHONE: 920-583-3132<br>ACONRAD@MICHELS.US | DRILLING WORK | CUD | | | $1,588,450.00 |
| 6 | DAKOTA LINE CONTRACTORS INC<br>2729 PAINTBALL WAY<br>BISMARCK, ND 58504 | PHONE: 701-224-8654<br>LWHITE@DLCND.COM | CONV ROAD BORING | CUD | | | $1,350,792.00 |
| 7 | DELTA FUEL COMPANY<br>P.O. BOX 1810<br>FERRIDAY, LA 71334 | CONTACT: CHRISTINA ROBERTS<br>PHONE: 318-757-3975<br>ACHPAYMENTS@DELTAFUEL.COM | FUEL | CUD | | | $1,139,489.94 |

Debtor: Strike Global Holdings, LLC Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | SUMMIT ELECTRIC SUPPLY CO INC<br>PO BOX 7280<br>DALLAS, TX 75284-8345 | CONTACT: SHAUNA MARTINEZ<br>PHONE: 505-389-1733 EXT 1233<br>CASHAPPLICATIONS@SUMMIT.COM | OPERATIONS SUPPLIER | CUD | | | $1,139,391.04 |
| 9 | JONES TRANSPORT<br>6184 HWY 98 W, STE 210<br>HATTIESBURG, MS 39402 | CONTACT: JENNIFER HOUSTON<br>PHONE: 601-736-1151<br>CHRISTI.BOUNDS@JONESLOGISTICS.COM | TRADE | CUD | | | $1,113,208.49 |
| 10 | BLACKWELL ENTERPRISES INC<br>14634 COTTON GIN AVE<br>WAYNE, OK 73095 | CONTACT: BEN BRAKEFIELD<br>PHONE: 405-449-7795<br>BBRAKEFIELD@BLACKWELLENT.COM | TRADE | CUD | | | $1,044,561.59 |
| 11 | CROSS COUNTRY INFRASTRUCTURE SVCS USA<br>PO BOX 843851<br>KANSAS CITY, MO 64184-3851 | CONTACT: ADRIANNE BENNETT<br>PHONE: 303-361-6797<br>ABENNETT@CCPIPELINE.COM | EQUIPMENT RENTAL | CUD | | | $1,014,695.33 |
| 12 | CAT FINANCIAL COMMERCIAL ACCT<br>PO BOX 732005<br>DALLAS, TX 75397-8595 | CONTACT: ABBEY BIRKEY<br>PHONE: 188-228-8811<br>ADSMITH@FOLEYEQ.COM | EQUIPMENT RENTAL | CUD | | | $934,912.13 |
| 13 | HARDROCK DIRECTIONAL DRILLING<br>PO BOX 33371<br>SAN ANTONIO, TX 78265 | CONTACT: BOBBY HOOVER<br>PHONE: 210-403-2086<br>BOBBY.HOOVER@HARDROCKHDD.COM | DRILLING WORK | CUD | | | $873,095.00 |
| 14 | GRAYBAR ELECTRIC CO INC<br>900 RIDGE AVE<br>PITTSBURGH, PA 15212 | PHONE: 412-320-2594<br>CUSTOMERREMIT@GRAYBAR.COM | OPERATIONS SUPPLIER | CUD | | | $792,029.90 |
| 15 | PIPELINE SUPPLY & SERVICE<br>PO BOX 74321<br>CLEVELAND, OH 44194-4321 | CONTACT: BRANDI WRIGHT<br>PHONE: 713-741-8125<br>AR@PSSCOMPANIES.COM; BRANDI.WRIGHT@PSSCOMPANIES.COM | TRADE | CUD | | | $731,615.79 |
| 16 | BAYOU ELECTRICAL SERVICES<br>8036 MILLER ROAD 2<br>HOUSTON, TX 77049 | CONTACT: JORDAN DEVATY<br>PHONE: 281-121-5200<br>AR@BAYOUELECTRICAL.COM | TRADE | CUD | | | $675,980.61 |
| 17 | CBK TRANSPORT LLC<br>28310 ASCOT FARMS ROAD<br>MAGNOLIA, TX 77354 | CONTACT: BEN FLEMING<br>PHONE: 713-502-5185<br>BEN.FLEMING@CBKTRANSPORT.COM | TRADE | CUD | | | $595,237.50 |
| 18 | WHOLESALE ELECTRIC SUPPLY<br>PO BOX 732778<br>DALLAS, TX 75373-2778 | PHONE: 281-479-6055<br>ARREMIT@WHOLESALEELECTRIC.COM | OPERATIONS SUPPLIER | CUD | | | $546,568.50 |
| 19 | ALLWASTE INDUSTRIAL SVCS LLC<br>PO BOX 1378<br>MONT BELVIEU, TX 77580 | PHONE: 346-801-3116<br>AR@ALLWASTEINDUSTRIAL.COM | HYDRO EXCAVATION | CUD | | | $533,675.69 |
| 20 | J2 RESOURCES LLC<br>945 MCKINNEY DR., 116<br>HOUSTON, TX 77002 | PHONE: 713-401-3171<br>KDUGAN@J2RESOURCES.COM | OPERATIONS SUPPLIER | CUD | | | $533,065.04 |

Debtor: Strike Global Holdings, LLC

Case Number (if known):

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | C.I. ACTUATION<br>PO BOX 842348<br>DALLAS, TX 75284-2348 | CONTACT: ASHLEY YOUNG<br>PHONE: 281-209-3800<br>ASHLEY.YOUNG@CIACTUATION.COM | OPERATIONS SUPPLIER | CUD | | | $524,808.59 |
| 22 | VELOX LLC<br>PO BOX 142<br>RYLAND, AL 35767 | CONTACT: HARRY FOX<br>PHONE: 256-217-4339<br>OFFICEADMIN@VELOXUC.COM | DRILLING WORK | CUD | | | $506,970.88 |
| 23 | WHITCO SUPPLY LLC<br>200 N. MORGAN AVENUE<br>BROUSSARD, LA 70518 | PHONE: 337-837-2440<br>CAMILLE@WHITCOSUPPLY.COM | OPERATIONS SUPPLIER | CUD | | | $501,556.59 |
| 24 | AXIS INDUSTRIAL SERVICES LLC<br>5110 IH 37<br>CORPUS CHRISTI, TX 78407 | PHONE: 361-888-4855<br>DEDISON@AXISINDSVCS.COM | FABRICATION | CUD | | | $501,376.00 |
| 25 | IGNITE ENERGY SERVICES<br>PO BOX 2247<br>FREDERICKSBURG, TX 78624 | CONTACT: DEBORAH MICHEL<br>PHONE: 318-505-3630<br>ACCOUNTING@IGNITEHYDRO.COM | HAULING - EQ | CUD | | | $486,450.27 |
| 26 | BC HENDERSON CONSTRUCTION INC<br>366 VZCR 3605<br>EDGEWOOD, TX 75117 | CONTACT: MACEY MCKEE<br>PHONE: 903-896-4835<br>BRYAN@BCHCONSTRUCT.COM | DRILLING WORK | CUD | | | $484,768.35 |
| 27 | ROCK-IT NATURAL STONE INC<br>PO BOX 410<br>WISTER, OK 74966 | CONTACT: LINDA LANE<br>PHONE: 800-371-4219<br>LINDA_LANE@ROCK-ITNATURALSTONE.COM | HAULING - D/M | CUD | | | $465,639.54 |
| 28 | MASON CONSTRUCTION LTD<br>PO BOX 20057<br>BEAUMONT, TX 77720-0057 | CONTACT: BRITNI MILAM<br>PHONE: 409-842-4455<br>PAYMENTS@MASONCONSTRUCTION.NET | TRADE | CUD | | | $462,518.98 |
| 29 | STRATA INNOVATIVE SOLUTIONS<br>12005 STARCREST DR<br>SAN ANTONIO, TX 78247 | CONTACT: ASHLEY SCHULTZ<br>PHONE: 210-714-2386<br>ASHLEYSCHULTZ@STRATA-IS.COM | TRADE | CUD | | | $452,945.15 |
| 30 | BENNETT CONSTRUCTION, INC. AND NGM INSURANCE COMPANY<br>210 PARK AVENUE SUITE 1200<br>OKLAHOMA CITY, OK 73102 | CONTACT: BRADLEY DAVENPORT<br>PHONE: 405-898-8654<br>BDAVENPORT@DSDA.COM | LITIGATION | CUD | | | UNDETERMINED |

Fill in this information to identify the case and this filing:

Debtor Name Strike Global Holdings, LLC

United States Bankruptcy Court for the: Southern District of Texas (State)

Case number (If known): 21-

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration ____________________

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 12/06/2021
MM / DD / YYYY

X /s/ Sean M. Gore
Signature of individual signing on behalf of debtor

Sean Gore
Printed name

Chief Financial Officer
Position or relationship to debtor